UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x   Index No.:
SHELLY REVIVO,

**COMPLAINT**

                Plaintiff,

**DEMAND FOR JURY TRIAL**

    -against-

THE CITY OF NEW YORK,
P.O. Sebastian Danese, P.O. Anicia Joseph
P.O. Vincent Garvey and P.O. John Fatorusso,

                Defendants.
----------------------------------------------------------------x

      SHELLY REVIVO, by her attorney, Chidi Eze, Esq., complaining of the City of New York and the individually identified police officers, all of NYPD's 63rd Precinct, upon information and belief, alleges as follows:

## JURISDICTION

      1.    This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants of the rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985], and arising under the laws and statutes of the State of New York and the City of New York.

      2.    Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color

1

of statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983.

3. Venue is proper because the acts complained of herein occurred in Brooklyn, City and State of New York, which is within the Eastern District of New York.

## **PARTIES**

4. During all times relevant and material to this Complaint, Plaintiff was, and still is, a citizen of the United States, residing in Brooklyn, City & State of New York.

5. During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6. During all times relevant and material to this case, the defendant Police Officers were employees of Defendant City of New York through its Police Department, employed at the NYPD 63rd Precinct.

7. During all times relevant and material to this case, the actions of the individual Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of Defendants City of New York and New York Police Department (hereinafter NYPD), and Defendants City of New York is as such responsible for the individual Defendants' actions.  Defendant City of New York is further responsible for the actions of the individual Defendants under the principal agent/*respondeat superior* rule.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. On December 20, 2013, at approximately 3:00 p.m., plaintiff was resting at her home which she shared with her parents and her the three (3) months old baby, located at 1596 East 54th Street, 1st Floor, Brooklyn NY 11234, when the defendant police officers broke into the home with guns draw. Upon forcefully gaining entry, these defendants attacked plaintiff who was feeding her child at the time. The feeding bottle was knocked out of her hand and the baby wrenched from her hands. Then plaintiff was slammed against her apartment wall, and handcuffs applied behind her back forcefully.

9. Upon protesting the actions of the police officers, plaintiff's elderly parents were threatened with guns, and sworn at by the officers. After securing plaintiff, these officers bundled her outside her home and threw her into the back seat of one of their marked police vehicles. When plaintiff inquired as to the reason for her arrest, the defendants told her to be quiet and to not ask any questions.

10. Plaintiff was thereafter transported to the 63rd Precinct and finger printed and processed. Plaintiff was transported to Brooklyn's Central Bookings located at 120 Schermerhorn Street, at around 11:00 pm that night of 12/20/13. At the Precinct, plaintiff was told that she was arrested because on November 19, 2013, plaintiff's former boyfriend, Mark Spina, was seen trespassing onto the property of a complaining victim and taken away some delivery packages from the front door of the property. The Officers told plaintiff was she

was arrested because he had been walking with him, shortly before Mr. Spina veered off to commit the crime, while plaintiff continued to walk home.

11. Plaintiff remained in Central Booking until about 11:30 pm the following day, being 12/21/13, when she was arraigned before a Judge. A bail in the amount of $2,500 was set, and upon making bail, plaintiff was released at approximately 1:00 am on December 22, 2013.

12. Plaintiff was charged with PL 155.25 - Petit Larceny; PL 140.10(A) - Criminal Trespass in the Third Degree; and PL 140.05 - Trespass. Plaintiff denied these charges while stating that she did not act in concert with Spina, and had actually learnt of the crime on the day of her arrest, which was one month after the crime was allegedly committed by Spina.

13. Upon being released on bail, plaintiff continued to make court appearances to defend the case, and made approximately Eight (8) appearances in court, until September 8, 2014, when she accepted a disposition of ACD.

14. Accordingly, plaintiff was arrested and imprisoned for approximately 34 hours even though the defendant Police Officers knew, or should have known based on the facts, that plaintiff did not commit any crime or could not be charged with any of these offenses.

15. As a direct and proximate result of defendants' actions, plaintiff was deprived of her due process rights, remedies, privileges, and immunities under the Fourth, Fifth, Eight, and

Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

16. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer serious emotional injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of her body.

17. The illegal and unlawful arrest of plaintiff, plaintiff's wrongful imprisonment particularly in light of the fact that the defendants had full knowledge of, or should have had full knowledge of the fact that plaintiff did not commit any crime, were intentional, malicious, reckless and in bad faith.

18. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

19. In light of the foregoing, plaintiff has been damaged by the actions of the City of New York and its agents, was humiliated, and assaulted, was arrested and imprisoned for over 34 hours without probable cause, lost respect and dignity before friends and family, suffered and continues to suffer severe mental anguish, reputation injuries, psychological and emotional distress, some or all of which may be permanent.

20. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. The conduct of the defendant officers complained of herein were beyond the scope of their jurisdiction, without legal authority, and in abuse of their authority. Accordingly, plaintiff

has been damaged by the actions of the City of New York and its agents and therefore, seeks compensation as a result.

21. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, and knowingly concealed violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including the defendants in this case, to engage in these unlawful conducts.

## AND AS FOR A FIRST CAUSE OF ACTION

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as if each paragraph is repeated verbatim herein.

23. The defendant police officers arrested and imprisoned Plaintiff without probable cause, without a warrant and with malice and intentional disregard for her constitutional rights. The Defendants, acting under color of State Law, violated Plaintiff's right to be free from unreasonable seizures, secured to her under the Fourth and Fourteenth Amendments to the Constitution, and her right not to be deprived of liberty without due process of law, secured under the Fifth and Fourteenth Amendments.  By denying Plaintiff's Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983. In addition, the defendant officers conspire to deny plaintiff her Constitutional rights secured to her by 42 U.S.C. §1983 [1985], and took several overt steps in furtherance of the conspiracy as set forth above.

24. As a result of the seizure of his person, Plaintiff was denied her freedom and liberty and suffered emotional and mental distress thereof. Plaintiff claims compensatory damages in the amount of $2,000,000. In addition, because the defendant police officers acted with malice and intentional disregard for her Constitutional rights when they arrested and imprisoned her, Plaintiff seeks $400,000 in punitive damages.

### AND AS FOR A SECOND CAUSE OF ACTION

25. Plaintiff repeats and re-alleges paragraphs 1 through 24 as if each paragraph is repeated verbatim herein.

26. In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff for approximately 34 hours without probable cause, deprived her of her rights, remedies, privileges, and immunities guaranteed by said law. In addition, the defendant officers conspire to deny plaintiff her Constitutional rights secured to her by Article 1 Section 12 of the New York State Constitution, and took several overt steps in furtherance of the conspiracy as set forth above.

27. Plaintiff was denied her freedom and liberty, and therefore suffered emotional and mental distress as a result. Plaintiff seeks compensatory damages in the amount of $2,000,000 for the violation of her rights under State and Common Laws and for emotional and mental distress. In addition, because the defendant police officers acted with malice and intentional disregard for her Constitutional rights when they arrested and imprisoned her, Plaintiff seeks $400,000 in punitive damages.

## AND AS FOR A THIRD CAUSE OF ACTION

28. Plaintiff repeats and re-alleges paragraphs 1 through 27 as if each paragraph is repeated verbatim herein.

29. The defendants Conspired to deny plaintiff her Constitutional, Federal, State, and NYC law **Rights to a Fair Trial**, by their actions as set forth hereinabove and as shall be proven at trial. As a result, plaintiff seeks compensatory damages in the amount of $2,000,000 for the violation of her said rights. In addition, because the defendant police officers acted with malice and intentional disregard for her Constitutional rights when they conspired to deny her the Rights to a Fair Trial, Plaintiff seeks $400,000 in punitive damages police officers were acting as agents of the City of New York when

## AND AS FOR A FOURTH CAUSE OF ACTION

30. Plaintiff repeats and re-alleges paragraphs 1 through 29 as if each paragraph is repeated verbatim herein.

31. The defendant police officers were acting as agents of the City of New York when they carried out the actions complained of herein. The defendant Police Officers' violations of Plaintiff's Constitutional and Federal Law rights as complained of herein were carried out under the unlawful and injurious policies, customs, and practices of the City of New York and its Police Department Therefore, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages Plaintiff sustained herein.

32. Plaintiff claims compensatory damages in the amount of $2,000,000 for the

violation of these rights, resulting in emotional and mental distress.  In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $400,000 in punitive damages against the individual officers jointly and severally.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

i. $2,000,000 in compensatory damages against all the defendants, jointly and severally;

ii. $400,000 in punitive damages against the individual defendant police officers, jointly and severally;

iii. attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

iv. such other relief as the Court may deem just, proper and equitable.

Dated: Brooklyn, New York
October 23, 2014

By:     /s/
CHIDI EZE
Attorney for Plaintiff
255 Livingston Street, 3rd Floor
Brooklyn, NY 11217
(718) 643-8800